SALINA BUILDING, SAVING AND TRUST ASSOCIATION v. JOHN A. NELSON, *et al.*

STATUTE, *Construed.* Chapter 5 of the Laws of 1869, (Comp. Laws of 1879, p. 237, § 134,) relating to loans by building, saving and trust associations, is valid, and has not been repealed, and applies in all cases where the loan was made in accordance with its provisions, and prior to March 20, 1875, the time when ch. 65 of the Laws of 1875, (Comp. Laws of 1879, p. 237, § 137,) took effect.

*Error from Saline District Court.*

ACTION brought by the *Salina Building, Saving and Trust Association*, against *Nelson* and six others, defendants, on certain notes and mortgages given by the defendants to the plaintiff for money loaned. At the April Term, 1877, of the district court, a trial was had, and judgment given for the defendants. The *Association* brings the case to this court.

*John Foster*, for plaintiff in error.

*T. F. Garver*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on certain notes and mortgages given by the defendants to the plaintiff for money loaned. The case was tried by the court below without a jury, and the court found that the notes and mortgages sued

on had been fully paid, and consequently that the mortgages were not liens upon the real estate mortgaged; and thereupon the court rendered judgment in favor of the defendants, and against the plaintiff for costs. The plaintiff then moved the court for a new trial, upon various grounds, among which was: "Error in the assessment of the amount of recovery." The court overruled the motion, and then the plaintiff brought the case to this court for review. We think the court below committed error. Evidently the plaintiff should have recovered something, but just how much we have not taken the trouble to ascertain. That may be done by the court below upon a retrial. The case was probably decided upon the theory that ch. 5 of the Laws of 1869, (Comp. Laws of 1879, p. 237, § 134,) had no legal force — that it was void, or had been re-repealed; or at least that it had no application to the present case; and that ch. 65 of the Laws of 1875, (Comp. Laws of 1879, p. 237, § 137,) applied and had controlling force in the case. This theory, however, is wrong. (*Massey v. Citizens' Building and Savings Association*, ante, p. 624.) Said ch. 5 of the Laws of 1869 is valid, and has not been repealed, and it does have application to just such cases as this. It applies in all cases where the loan was made in accordance with its provisions, and prior to March 20, 1875, the time when said ch. 65 of the Laws of 1875 took effect. Now the present association was organized in January, 1872, and the said loans were effected and completed early in the year 1872 — about three years before said ch. 65 of the Laws of 1875 took effect.

There are other questions in this case, but as they have not yet been passed upon by the court below, we shall not now consider them. When the court below determined that the case must be decided under the provisions of said ch. 65, and not under the provisions of said ch. 5, and therefore that an amount had already been paid sufficient to satisfy said notes and mortgages, (an amount, however, not sufficient to satisfy the same, were the case to be decided under the provisions of said ch. 5,) it virtually determined everything else in the case, for everything else that was done therein neces-

Tefft v. Firey.

sarily followed as a logical sequence. Correcting this error, we think the court below will decide the other questions correctly.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

All the Justices concurring.